```
ROBERT S. BREWER, JR.
United States Attorney
CAROLINE P. HAN, CBN 250301
SHANE P. HARRIGAN, CBN 115757
PETER KO, CBN 191994
Assistant U.S. Attorneys
ROSE GIBSON, Maryland BN 1407150002
Special Assistant U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel.: (619) 546-7359
Email: peter.ko2@usdoj.gov
```

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>            Plaintiff, <br><br>      v. <br><br> JOHN TIMOTHY EARNEST, <br><br>            Defendant. | No. 19CR1850-AJB <br><br> JOINT MOTION TO (1) CONTINUE MOTION HEARING AND TRIAL SETTING; AND (2) EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT <br><br> Date: June 26, 2019 <br> Time: 10 am |

The United States of America and defendant JOHN TIMOTHY EARNEST jointly move to continue the motion hearing and trial setting from June 26, 2019, 10 am to a date and time convenient to the court in approximately late November or early December 2019. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

1.   The Indictment was filed on May 21, 2019. The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires trial to commence within 70 non-excludable days from that date.

2. Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The court must "set[] forth … either orally or in writing, its reasons" for the finding. Id. The court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." U.S.C. § 3161(h)(7)(C).

3. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial, for the following reasons:

   a. Earnest faces civil rights and firearms charges arising from an alleged shooting at a synagogue in Poway, California in April 2019, and an alleged arson at a mosque in Escondido, California. Approximately 54 people were at

2

the synagogue, and the indictment alleges each as a victim. Certain counts in the indictment are potentially punishable by the death penalty. The complaint filed in this case outlines more specific allegations about the charged offenses and is incorporated by reference.

  b. The alleged Poway shooting led to a far-ranging investigation by multiple law enforcement agencies. Discovery is voluminous. Production has started and remains ongoing. It includes many reports of interviews of victims, witnesses, those in the area of the synagogue, Earnest's associates, and others; items or data seized through multiple state and federal search warrants served locally and elsewhere; and over 100GB of recordings. By June 28, 2019, the United States expects to have produced in discovery over 130GB of materials with more to follow. Additional time is needed before motions and trial because of the amount of discovery, the time needed to process and review the discovery, and the time needed for follow-up investigation based on the discovery.

  c. Additional time is also needed for the defense to investigate potentially mitigating circumstances and present that information for the United States to consider in deciding whether to seek the death penalty and for the Attorney General to make that decision. The defense has identified many witnesses to interview and certain investigative avenues to pursue for this purpose. It estimates this part of its investigation will take a substantial period of time.

   d. The parties seek to continue the motion hearing and trial setting to a date and time convenient to the court in approximately late November or early December 2019.

   e. The parties have exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice. The case is also unusually complex because of the nature of the prosecution and potential penalty involved. It is unreasonable to expect adequate preparation for motions, pretrial proceedings, and trial within the usual time limits of 18 U.S.C. § 3161 et seq.

   f. This is the first request for a continuance of the motion hearing and trial setting in this case.

   g. Earnest is in custody.

4. Earnest agrees to and joins in the request for this continuance.

5. The parties therefore jointly move for a continuance and to exclude time under the Speedy Trial Act. The parties agree the period of delay excluded spans from the filing of this

joint motion, U.S.C. § 3161(h)(1)(D), until the new date for the motion hearing and trial setting.

DATED:	June 24, 2019

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

s/Peter Ko

CAROLINE P. HAN
SHANE P. HARRIGAN
PETER KO
Assistant U.S. Attorneys

ROSE GIBSON
Special Assistant U.S. Attorney

s/Kathryn N. Nester (w/authorization)

KATHRYN N. NESTER
R. DEKE FALLS
KIMBERLY S. TRIMBLE
Federal Defenders of San Diego, Inc.
Counsel for Earnest