**KATHRYN N. NESTER**
Utah State Bar No. 13967
**KIMBERLY S. TRIMBLE**
California State Bar No. 288682
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Kathy_Nester@fd.org
Kimberly_Trimble@fd.org
**PATRICK J. BURKE**
Colorado State Bar No. 4943
Patrick J. Burke, P.C.
303 16th Street
Suite 200
Denver, CO 80202
303-825-3050
Facsimile: 303-825-2992
Email: patrick-j-burke@msn.com

Attorneys for John Timothy Earnest

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.:   19-cr-1850-AJB |
|---|---|
| Plaintiff, | Hon. Anthony J. Battaglia |
| v. | Courtroom 4A |
|  | Date: April 30, 2020 |
| JOHN TIMOTHY EARNEST, | Time: 10:00 a.m. |
| Defendant. | **STATUS REPORT** |

John Timothy Earnest, by and through undersigned counsel, hereby submits this Status Report to the Court.

**Background**

1. The Federal Indictment was filed on May 21, 2019.  The indictment includes Special Findings which make this a death-eligible case.

/ / /

2.      The State Information was filed on September 30, 2019.  The State's charges mirror the federal charges.

3.       This case is being jointly prosecuted by the United States Attorney's Office and the Civil Rights Division of the Department of Justice.  The federal prosecutors, in accordance with the DOJ Death Penalty Protocol, asked the defense to make a mitigation presentation, which has taken place.

5.      The Protocol provides that, after receiving the defense's mitigation presentation, the federal prosecutors will have a reasonable time to submit their Recommendation regarding the death penalty to the Assistant Attorney General for the Criminal Division (through the Capital Case Section).  Here, the federal prosecutors were reasonably waiting for the District Attorney's decision as to whether to seek the death penalty before submitting their recommendation to the Assistant Attorney General.

6.      Finally, the State District Attorney announced her decision to seek the death penalty on March 5, 2020.

7.      After the District Attorney's decision, the federal prosecutors submitted their recommendation to the Assistant Attorney General.

8.      In accordance with the Protocol, the federal prosecutors recently provided the defense with possible dates for a meeting with the Attorney General's Capital Review Committee.  That meeting has not yet happened, but is now scheduled.

9.      After the meeting with the Capital Review Committee, Attorney General Barr will decide whether to direct the federal prosecutors to seek the death penalty in this case.  It is difficult to predict the length of time between the meeting with the Capital Review Committee and the Attorney General's decision.

/ / /

/ / /

/ / /

10. It would be unreasonable to set a schedule in this Court until the Attorney General makes the decision described above. The schedule for a death penalty case would be completely different than a schedule for a non-capital case.

### The State Case

11. In the meantime, the State prosecutors have been moving forward with their prosecution.

12. A status conference was scheduled in the State case for April 17, 2020. That conference was not held in light of the superior court's near total closure for COVID-19 related concerns. The current trial date remains set for June 2, 2020. While it appears likely that the June 2020 trial date will be continued, it is clear that the State case is moving forward.

### Pandemic National Emergency

13. The work of counsel for Mr. Earnest has also been impacted, and will continue to be impacted, by the national emergency caused by the COVID-19 pandemic. This too supports awaiting the Attorney General's decision prior to setting any schedule in this case. Currently, COVID-19 cases in the United States exceed 928,000, and deaths from the virus exceed 52,000.[1]

14. On March 13, 2020, the President of the United States issued a proclamation declaring a national emergency regarding the pandemic. In California, the governor imposed a statewide "stay at home" order on March 19, 2020. In Colorado, where "learned counsel" Patrick J. Burke resides, (*see* 18 U.S.C. § 3005), the governor imposed a similar order as of March 26, 2020.

15. As a result of the pandemic and related closures, counsels' ability to travel, visit with Mr. Earnest, investigate the case, and generally carry out all aspects of their function has been disrupted. Federal Defenders' office has been reduced to a skeleton crew coming in for necessary tasks, and nearly all staff are

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited 4/26/20).

working remotely for the foreseeable future. Communication with clients, including Mr. Earnest, has been sporadic and limited, despite the office's best efforts to set up alternative channels for communication while in-person visits are not happening. This reality has also impacted the defense team's ability to work collaboratively. Additionally, as Executive Director, Ms. Nester's focus has had to shift to setting up the office to function during this pandemic. This adjustment has involved numerous meetings with multiple entities to coordinate this transition. Nearly all of Ms. Nester's attention has been devoted to this task since at least March 19, 2020. Similarly, the other attorneys and staff at Federal Defenders have had to focus the vast majority of their time and attention to urgent efforts to assist our clients with issues related to the pandemic.

16. All members of the defense team are impacted by the disruptions and closures. Most court proceedings are being conducted remotely due to these concerns. It is impracticable and dangerous to all involved for counsel to travel and meet in person with Mr. Earnest. This includes the public health risk to spread of the virus into jails and prisons, where the likelihood of spread and mortality is high.[2]

17. Remote work and the inability to meet in person also impairs the productivity and effectiveness of the defense team. There is a demonstrable benefit to being in the same physical space to share ideas, ask questions, exchange documents, *etc.* In-person team meetings – especially in the context of capital defense teamwork – are essential to maintain a reliable level of communication and collaboration and enable critical focus and follow-through. Even with video conferencing and its attendant unreliability and security issues, the defense has

---

[2] *See* https://www.healio.com/infectious-disease/emerging-diseases/news/online/%7B4a9610fc-b445-4b93-a8e6-5cede2750eb5%7D/qa-without-proper-strategies-prisons-could-become-covid-19-epicenter.

1 lost much of the productive, creative work opportunities necessary for effective
2 representation in such high-stakes litigation.
3     18.    The closures also impair the defense team's ability to investigate the
4 case effectively. Many records offices are closed or have slowed processing due
5 to reduced staff, making it difficult or impossible to obtain information through
6 investigation. Attempts to interview anyone cannot meaningfully proceed. This is
7 appropriate not only for the well-being of the defense team, but also those
8 witnesses whom they might contact. Lay witnesses are often the most powerful
9 evidence presented in a capital penalty phase, and it is essential to seek out and
10 meet potential witnesses in person, particularly family members. The sharing of
11 difficult, personal family stories requires that the defense team establish rapport,
12 spending time to earn the trust of witnesses and to elicit the necessary family and
13 social history information. Such a process is necessarily personal and emotional,
14 must be done in person in order to be effective and competently undertaken, and
15 is time-intensive. To attempt to meet with someone in person would not only
16 violate the explicit and unanimous advice of national public health authorities, but
17 also risk impairing the relationship with prospective witnesses by displaying a
18 callous disregard for their and their families' safety.
19     19.    The defense team's work in this case remains ongoing despite these
20 difficult circumstances. However, the COVID-19 emergency has disrupted and
21 impaired the defense function, slowing or halting critical aspects of the work of
22 defending Mr. Earnest. This, too, supports granting the request to refrain from
23 setting a schedule in this case until the Attorney General has rendered his
24 decision.
25 / / /
26 / / /
27 / / /
28 / / /

## **Conclusion**

WHEREFORE, the defendant submits this Status Report and requests that this Honorable Court schedule another Status Conference approximately two weeks after the Attorney General's decision whether this case will proceed as a death penalty case.

Respectfully submitted,

Dated: April 28, 2020

*s/ Kathryn N. Nester*
Federal Defenders of San Diego, Inc.
Attorneys for John Timothy Earnest
Email:  Kathy_Nester@fd.org

Dated: April 28, 2020

*s/ Patrick J. Burke*
Patrick J. Burke, P.C.
Attorney for John Timothy Earnest
Email:  patrick-j-burke@msn.com