1  RANDY S. GROSSMAN                          KRISTEN CLARKE
   Acting United States Attorney             Assistant Attorney General
2  SHANE P. HARRIGAN, CBN 115757             Civil Rights Division
   PETER KO, CBN 191994
3  Assistant U.S. Attorneys
   ROSE GIBSON, Maryland BN 1407150002
4  Special Assistant U.S. Attorney
   Federal Office Building
5  880 Front Street, Room 6293
   San Diego, California 92101-8893
6  Telephone: (619) 546-7359
   Email: peter.ko2@usdoj.gov
7
   Attorneys for United States of America
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,          Case No. 19CR1850-AJB

12            Plaintiff,
         v.                            PLEA AGREEMENT
13
14  JOHN TIMOTHY EARNEST,

15            Defendant.

16      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

17  AMERICA, through its counsel, and Defendant JOHN TIMOTHY EARNEST, with

18  the advice and consent of Patrick J. Burke and Ellis M. Johnston III,

19  counsel for Defendant, as follows:

20                              I

21                           THE PLEA

22      Defendant agrees to plead guilty to counts 1 to 113 of the

23  Indictment charging Defendant with obstruction of free exercise of

24  religious beliefs (counts 1 to 54; 18 U.S.C. 247(a)(2), 247(d)(1), and

25  247(d)(3)); hate crime acts (counts 55 to 108; 18 U.S.C. 249(a)(1)(B));

26  attempted damage to religious property (count 109; 18 U.S.C. 247(a)(1)

27  and 247(d)(3)); and using, carrying, and discharging a firearm during

28

Plea Agreement                                    Def. Initials JTE
                                                  19CR1850-AJB

and in relation to a crime of violence (counts 110 to 113; 18 U.S.C. 924(c) and 924(j)). The Indictment is incorporated herein.

This plea agreement is conditioned upon approval by the Attorney General of the United States. Absent such approval, this agreement is void and unenforceable by either party. The signature of government counsel on this agreement does not constitute a recommendation to the Attorney General that this agreement should be approved. If the Attorney General does not approve this agreement, it is not admissible in any phase of any proceeding, for any purpose, by either party.

In addition, the attached addendum shall govern forfeiture and restitution in this case.

## II

### NATURE OF THE OFFENSES

A.   ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

Counts 1 to 54 – 1) Defendant intentionally obstructed the person identified in the count in the enjoyment of that person's free exercise of religious beliefs, 2) Defendant used force (or, for counts 2 to 54, threat of force), and 3) the offense was in or affected interstate commerce.

In addition, for count 1, Defendant's acts resulted in the death of the person identified in the count.

In addition, for counts 2 to 4, Defendant's acts included an attempt to kill the person identified in the count; resulted in bodily injury to the person identified in the count; or included the use, attempted use, or threatened use of a dangerous weapon.

In addition, for counts 5 to 54, Defendant's acts included an attempt to kill the person identified in the count; or the use, attempted use, or threatened use of a dangerous weapon.

Def. Initials JTE
19CR1850-AJB

Counts 55 to 58 – 1) Defendant willfully caused bodily injury to the person identified in the count, and 2) Defendant did so because of the actual or perceived race of any person.

In addition, for count 55, Defendant's acts resulted in the death of the person identified in the count.

In addition, for counts 56 to 58, Defendant's acts included an attempt to kill the person identified in the count.

Counts 59 to 108 – 1) Defendant willfully attempted to cause bodily injury to the person identified in the count through the use of a firearm, 2) Defendant did so because of the actual or perceived race of any person, and 3) Defendant's acts included an attempt to kill the person identified in the count.

Count 109 – 1) Defendant intentionally attempted to damage or destroy religious real property because of the religious character of the property, 2) the offense was in or affected interstate or foreign commerce, and 3) the act included the use of fire.

Count 110 to 113 – 1) Defendant knowingly used, carried, or discharged a firearm, and 2) Defendant did so during and in relation to a crime of violence specified in the count.

In addition, for count 110, Defendant caused the death of and unlawfully killed with malice aforethought the person identified in the count through the use of the firearm.

"Attempt" or "attempted" as used above means Defendant intended to commit the crime and took a substantial step towards committing the crime.

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crimes and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    On March 24, 2019, Defendant tried to damage and burn down the Dar-ul-Arqam mosque in Escondido, California by setting fire to it because of his hatred for Muslims and the religious character of the building. Defendant identified the mosque as a target through research on the Internet, used the Internet to navigate to the mosque, and traveled by vehicle on the freeway to the mosque.

Def. Initials JTE

19CR1850-AJB

Defendant used items purchased from a national retailer to commit the crime, including a gas can and spray paint used to paint a message outside the mosque. The mosque was a destination for and frequently hosted overnight missionaries, including from out of state; seven such missionaries were asleep in the mosque when Defendant set fire to it.

2.  Starting no later than March 2019, Defendant used the Internet to research synagogues in San Diego County as potential targets to attack because of his hatred for Jews. On about April 5, 2019, Defendant started writing an "open letter" explaining his planned attack was motivated by hatred for Jews. From April 6 to April 9, Defendant purchased a Go-Pro camera, tactical helmet, duffle bag, and tactical vest from an Internet seller for use in the attack. The items were later shipped to his residence. After using the Internet to navigate to and scout other synagogues, on April 8, Defendant used the Internet to navigate to and scout, for the first time, the Chabad of Poway in Poway, California. Among other things, the Chabad operated a gift shop, provided pre-school services for fees, and operated a non-profit arm of an international charity that provided support to individuals with special needs.

3.  On April 13, 2019, Defendant purchased a Smith and Wesson M&P 15 assault rifle (serial number -950) and additional 10-round magazines from a San Diego gun store. On April 26, Defendant picked up the rifle from the gun store. The rifle had been manufactured in Illinois, assembled in Massachusetts, and shipped to California.

4.  On April 27, 2019, Defendant advised others of his intended attack through a posting to an Internet forum. The posting linked to Defendant's Facebook page which contained the open letter. Among other things, Defendant said in the letter, "I can only kill so many Jews" and "I only wish I killed more."

5.  That same day, Defendant drove to the Chabad of Poway. Armed with the rifle and wearing the tactical vest with additional magazines, and carrying 60 rounds of .223 caliber ammunition total, Defendant entered the Chabad and emptied his initial 10-round magazine by firing at occupants of the Chabad present for religious services. Two rounds struck and killed L.G-K. Rounds struck Y.G. in the hands; Y.G. permanently lost a finger. Other rounds

4

Def. Initials JTE
19CR1850-AJB

struck objects that fragmented, wounding A.P. and N.D. Y.G., A.P., and N.D. were hospitalized as a result. The individuals in counts 1-54 of the Indictment (repeated in counts 55 to 108) were at the Chabad during and targeted by Defendant because they were, and Defendant perceived them to be, Jewish.

6.   After emptying the initial magazine, Defendant fled when occupants of the Chabad rushed him. Defendant's actions were captured on video.

### III

### PENALTIES

The crimes to which Defendant is pleading guilty carry the following penalties, per count:

A.   Counts 1 to 54: 1) a maximum of a death sentence or, if the death penalty is not sought or does not apply, life in prison; 2) a maximum $250,000 fine; 3) a mandatory special assessment of $100 per count, and 4) a term of supervised release of up to five years.

B.   Counts 55 to 108: 1) a maximum of life in prison, 2) a maximum $250,000 fine; 3) a mandatory special assessment of $100 per count, and 4) a term of supervised release of up to five years.

C.   Count 109: 1) a maximum of 20 years in prison, 2) a maximum $250,000 fine; 3) a mandatory special assessment of $100 per count, and 4) a term of supervised release of up to three years.

D.   Count 110: 1) a maximum of a death sentence or, if the death penalty is not sought or does not apply, life in prison; 2) a maximum $250,000 fine; 3) a mandatory special assessment of $100 per count, and 4) a term of supervised release of up to five years.

E.   Counts 111 to 113: 1) a maximum of life in prison and a mandatory minimum of 10 years in prison, consecutive to any other sentence of imprisonment; 2) a maximum $250,000 fine; 3) a mandatory special assessment of $100 per count, and 4) a term of supervised release of up to five years.

In addition, Defendant shall be subject to an order of restitution to victims of the offense.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT'S ACKNOWLEDGEMENTS

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information.

Plea Agreement

Def. Initials JTE

19CR1850-AJB

1   Defendant will not attempt to withdraw the guilty plea or to file a

2   collateral attack based on the existence of this information.

3                                    **VI**

4                   **DEFENDANT'S REPRESENTATION THAT GUILTY**

5                     **PLEA IS KNOWING AND VOLUNTARY**

        Defendant represents that:
6
7   A.   Defendant has had a full opportunity to discuss all the facts
         and circumstances of this case with defense counsel and has
         a clear understanding of the charges and the consequences of
8        this plea. By pleading guilty, Defendant may be giving up,
         and rendered ineligible to receive, valuable government
9        benefits and civic rights, such as the right to vote, the
         right to possess a firearm, the right to hold office, and the
10       right to serve on a jury. The conviction in this case may
         subject Defendant to various collateral consequences,
11       including but not limited to revocation of probation, parole,
         or supervised release in another case; debarment from
12       government contracting; and suspension or revocation of a
         professional license, none of which can serve as grounds to
13       withdraw Defendant's guilty plea.

14  B.   No one has made any promises or offered any rewards in return
         for this guilty plea, other than those contained in this
15       agreement or otherwise disclosed to the Court.

16  C.   No one has threatened Defendant or Defendant's family to
         induce this guilty plea.
17
18  D.   Defendant is pleading guilty because Defendant is guilty and
         for no other reason.

19                                  **VII**

20                          **AGREEMENT LIMITED**

21      This plea agreement is limited to the United States Attorney's

22  Office for the Southern District of California and the United States

23  Department of Justice and cannot bind any other authorities in any type

24  of matter, although the Government will bring this plea agreement to

25  the attention of other authorities if requested by Defendant.

26

27

28

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office. Defendant may request the start of a presentence investigation by U.S. Probation before entry of his guilty plea.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not

8

Def. Initials JTE

19CR1850-AJB

1 binding on the Court. If the sentencing judge does not follow any of
2 the parties' sentencing recommendations, Defendant will not withdraw
3 the plea.

4                                   X

5                  **PARTIES' SENTENCING RECOMMENDATIONS**

6      A.    SENTENCING GUIDELINE CALCULATIONS

7      Although the Guidelines are only advisory and just one factor the
8 Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
9 the parties will jointly recommend the following Base Offense Level,
10 Specific Offense Characteristics, and Adjustments:

11     Counts 1 and 55
12         1. Base offense level [2H1.1, 2A1.1]                    43
           2. Hate crime [3A1.1(a)]                                +3

13     Count 110
14         1. Base offense level [2A1.1]                           43
           2. Hate crime [3A1.1(a)]                                +3
15

16     Counts 2 and 56
           1. Base offense level [2H1.1, 2A2.1]                    33
17         2. Permanent bodily injury [2A2.1(b)(1)(A)]             +4
           3. Hate crime [3A1.1(a)]                                +3
18

19     Counts 3 and 57
           1. Base offense level [2H1.1, 2A2.1]                    33
20         2. Serious bodily injury [2A2.1(b)(1)(B)]               +2
           3. Hate crime [3A1.1(a)]                                +3
21

22     Counts 4 and 58
           1. Base offense level [2H1.1, 2A2.1]                    33
23         2. Serious bodily injury [2A2.1(b)(1)(B)]               +2
           3. Hate crime [3A1.1(a)]                                +3

24     Groups
25         Counts 1, 55, and 110 form one group, OL 46
                [3D1.2(a), 3D1.3(a)]
26         Counts 2 and 56 form one group, OL 40
                [3D1.2(a), 3D1.3(a)]
27         Counts 3 and 57 form one group, OL 38
                [3D1.2(a), 3D1.3(a)]
28

Plea Agreement                          Def. Initials _STE_
                                        19CR1850-AJB

```
        Counts 4 and 58 form one group, OL 38
            [3D1.2(a), 3D1.3(a)]

   Remaining groups are 9+ levels below OL 46

   Highest group offense level [3D1.4]            46
   2.5 Units [3D1.4]                              +3
   Acceptance of responsibility [3E1.1]           -3

   Total offense level                            46
```

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

     1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

     2.   Falsely denies prior criminal conduct or convictions;

     3.   Is untruthful with the Government, the Court or probation officer; or

     4.   Breaches this plea agreement in any way.

C.   NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may not request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to Defendant's Criminal History Category.

Def. Initials _JTE_
19CR1850-AJB

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties will both recommend a sentence of life in prison consecutive to (followed by) 30 years of imprisonment.

G.    SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $11,300. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even considering the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

G.    PROGRAMS OR TREATMENT

The government will not object to requests by Defendant for placement in any specific programs or treatment.

11

Def. Initials STE

19CR1850-AJB

## XI

### WAIVER OF APPEAL, COLLATERAL ATTACK, AND INFORMATION ACCESS

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $100,000. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel or was prejudiced by prosecutorial misconduct. If Defendant appeals, the Government may support on appeal the sentence or restitution order imposed.

Defendant also waives (gives up) all rights to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, 5 U.S.C. 552, or the Privacy Act of 1974, 5 U.S.C. 552a.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorneys know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

12

Def. Initials STE

19CR1850-AJB

1   Defendant breaches this agreement if Defendant violates or fails
2 to perform any obligation under this agreement. The following are non-
3 exhaustive examples of acts constituting a breach:

4        1.   Failing to plead guilty pursuant to this agreement;
5        2.   Failing to fully accept responsibility as established in
6              Section X, paragraph B, above;
7        3.   Failing to appear in court;
8        4.   Attempting to withdraw the plea;
9        5.   Failing to abide by any court order related to this case;
10       6.   Appealing (which occurs if a notice of appeal is filed)
11             or collaterally attacking the conviction or sentence in
12             violation of Section XI of this plea agreement; or
13       7.   Engaging in additional criminal conduct from the time of
14             arrest until the time of sentencing.

15   If Defendant breaches this plea agreement, Defendant will not be
16 able to enforce any provisions, and the Government will be relieved of
17 all its obligations under this plea agreement.

18   Additionally, if Defendant breaches this plea agreement: (i) any
19 statements made by Defendant, under oath, at the guilty plea hearing
20 (before either a Magistrate Judge or a District Judge); (ii) the factual
21 basis statement in Section II.B in this agreement; and (iii) any
22 evidence derived from such statements, are admissible against Defendant
23 in any prosecution of, or any action against, Defendant. This includes
24 the prosecution of the charges that are the subject of this plea
25 agreement and any other charges pursued because of a breach by the
26 Defendant. Additionally, Defendant knowingly, voluntarily, and
27 intelligently waives any argument that the statements and any evidence
28

13

Def. Initials JTE
19CR1850-AJB

1   derived from the statements should be suppressed, cannot be used by the
2   Government, or are inadmissible under the United States Constitution,
3   any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
4   the Federal Rules of Criminal Procedure, and any other federal rule.

5                                   **XIII**

6                **CONTENTS AND MODIFICATION OF AGREEMENT**

7       This plea agreement embodies the entire agreement between the
8   parties and supersedes any other agreement, written or oral. No
9   modification of this plea agreement shall be effective unless in writing
10  signed by all parties.

11                                  **XIV**

12        **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

13      By signing this agreement, Defendant certifies that Defendant has
14  read it (or that it has been read to Defendant in Defendant's native
15  language). Defendant has discussed the terms of this agreement with
16  defense counsel and fully understands its meaning and effect.

17
18
19
20
21
22
23
24
25
26
27
28

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DATED: _9/8/21_

SHANE P. HARRIGAN
PETER KO
Assistant U.S. Attorneys

ROSE GIBSON
Special Assistant U.S. Attorney

DATED: _6 / 3 / 21_

PATRICK J. BURKE
ELLIS M. JOHNSTON III
Counsel for Earnest

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED: _6/3/21_

JOHN TIMOTHY EARNEST
Defendant

Approved By:

ANDREW R. HADEN
Assistant U.S. Attorney

Def. Initials _JTE_

19CR1850-AJB

United States v. John Timothy Earnest
Case No. 19CR1850-AJB

**FINANCIAL ADDENDUM**

Defendant's conviction will include financial penalties, specifically forfeiture and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A.    **Forfeiture**

i.    In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States all firearms and ammunition involved in the commission of the offenses charged in counts 1 to 113 of the Indictment.

ii.    As part of Defendant's guilty plea to counts 1 to 113 of the Indictment, Defendant consents to the forfeiture allegations of the Indictment and agrees to forfeit a Smith & Wesson Model M&P 15 Sport II semi-automatic rifle, serial number ending -950, and approximately 50 rounds of .223 caliber ammunition.

iii. Defendant owns all the property in paragraph A.ii and admits such property was involved in the commission of the offenses in counts 1 to 108 and 110 to 113 and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

iv. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant agrees

Financial Addendum

Def. Initials STE
19CR1850-AJB

to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

v.   Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

vi.   Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's

Financial Addendum

2

Def. Initials STE

19CR1850-AJB

1 heirs, successors and assigns until the agreed forfeiture, including
2 any agreed money judgment amount, is collected in full.

3    **B.    Restitution**

4         i.    The crimes to which Defendant is pleading guilty require
5 an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant
6 make mandatory restitution to the victim of the offenses of conviction
7 or the estates of the victims.

8         ii.   The amount of restitution ordered by the Court shall
9 include restitution to any person directly harmed by the Defendant's
10 criminal conduct.

11         iii. The parties estimate the amount of restitution will be
12 $100,000. Defendant understands that this is only an estimate, and the
13 Court may impose restitution of any amount. Defendant agrees that a
14 restitution award in an unanticipated amount is not grounds to withdraw
15 Defendant's guilty plea. The defendant also agrees that nothing in this
16 plea agreement or restitution addendum limits the Government's duty to
17 provide complete and accurate facts to the district court and the U.S.
18 Probation Office to calculate restitution.

19         iv.   Defendant agrees that notwithstanding any court order,
20 the restitution is due and payable in full and delinquent until paid in
21 full. Any payment schedule imposed by the Court establishes only a
22 minimum obligation, and does not foreclose the United States from ex-
23 ercising all legal actions, remedies, and process available to collect
24 the restitution judgment, including but not limited to remedies pursuant
25 to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith
26 effort to pay the full restitution. Defendant further agrees that the
27 restitution judgment may be executed against his property wherever it

28

Def. Initials _STE_
19CR1850-AJB

1 │ is held and Defendant waives all rights to contest the enforcement of
2 │ the judgment against any and all property owned by defendant or in which
3 │ he has an interest. Defendant consents to the entry of the restitution
4 │ judgment into the Treasury Offset Program and waives all notices of the
5 │ Treasury Offset Program, all notices of offset, and all rights to con-
6 │ test any offsets.

7 │          v.   Restitution shall be paid through the Office of the Clerk
8 │ of the District Court by bank or cashier's check or money order refer-
9 │ encing the criminal case number and made payable to the "Clerk, United
10 │ States District Court."

11 │     C.   **Additional Terms**

12 │          i.   Defendant agrees to waive all constitutional and statu-
13 │ tory challenges (including direct appeal, habeas corpus, or any other
14 │ means) to any forfeiture carried out or any restitution ordered pursuant
15 │ to this agreement, including any claim that the forfeiture or restitu-
16 │ tion constitutes an excessive fine or punishment under the United States
17 │ Constitution.

18 │          ii.  The United States may run credit and other financial
19 │ reports on Defendant using public and non-public databases and share
20 │ such information with the Court and the U.S. Probation Office. Defendant
21 │ also authorizes the Internal Revenue Service to transmit to the United
22 │ States Attorney's Office copies of Defendant's income tax returns from
23 │ 2018 until the restitution is paid in full, and Defendant will promptly
24 │ execute any documents necessary to carry out this authorization. Not
25 │ later than 30 days after execution of the plea agreement, Defendant
26 │ shall complete and provide to the United States, under penalty of per-
27 │ jury, a financial disclosure form listing all Defendant's current and
28 │

Financial Addendum                    4                    Def. Initials STE

19CR1850-AJB

1 | projected assets and financial interests valued at more than $1,000.
2 | These include all assets]and financial interests in which Defendant has
3 | an interest (or had an interest prior to April 27, 2019), direct or
4 | indirect, whether held in Defendant's name or in the name of another,
5 | in any property, real or personal. Defendant shall also identify all
6 | assets valued at more than $5,000 which have been transferred to any
7 | third party since April 27, 2019, including the location of the assets,
8 | the identity of the third party or parties, and the amount of consid-
9 | eration received by the Defendant for the transferred assets.

10 |         iii. From the date this financial addendum is executed until
11 | the restitution is paid in full, Defendant shall notify the Asset Re-
12 | covery Section of the United States Attorney's Office of (i) any in-
13 | terest in property worth more than $1,000 that Defendant obtains, di-
14 | rectly or indirectly, and (ii) any interest in property owned directly
15 | or indirectly by Defendant worth over $1,000 that Defendant intends to
16 | transfer. This obligation covers any interest in property obtained under
17 | any other name or entity, including a trust, partnership, or corpora-
18 | tion.

19 |         iv.  Defendant understands that the restitution is delinquent
20 | until paid in full. Until the restitution is paid in full, Defendant
21 | shall immediately notify the Asset Recovery Section, United States At-
22 | torney's Office, of any material change in Defendant's financial con-
23 | dition.

24 |         v.   Defendant consents to the immediate recording of judg-
25 | ment liens as the United States deems appropriate as to all financial
26 | penalties imposed by the Court.

27 |                              ****
28 |

Def. Initials STE
19CR1850-AJB

1    Defendant understands that the main plea agreement and this

2 financial addendum embody the entire plea agreement between the parties

3 and supersedes any other agreement, written or oral.

4

5   6/3/21

Date

              JOHN TIMOTHY EARNEST
              Defendant

6

7   6/2/21

Date

              PATRICK J. BURKE

8                      ELLIS M. JOHNSTON III
              Counsel for Earnest

9

10   9/8/21

Date

              RANDY S. GROSSMAN

11                      Acting United States Attorney

12                      KRISTEN CLARKE
              Assistant Attorney General

13                      Civil Rights Division

14                      SHANE P. HARRIGAN
              PETER KO

15                      Assistant U.S. Attorneys

16                      ROSE GIBSON
              Special Assistant U.S. Attorney

17

18

19

20

21

22

23

24

25

26

27

28