UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN TIMOTHY EARNEST,<br><br>Defendant. | Case No.: 19-cr-1850-AJB<br><br>**ORDER RE SENTENCING HEARING OF DEFENDANT JOHN TIMOTHY EARNEST** |

On December 28, 2021, the Court will sentence Defendant John Timothy Earnest ("Earnest"). As this is a stipulated life sentence and the victims are entitled to prompt resolution, the Court intends to proceed as scheduled and counsel are advised to file their materials on time.

By December 27, 2021, no later than 12:00 p.m., the United States is **ORDERED** to provide the Court and defense counsel with a list of any victims who wish to be heard in person at the hearing.

Additionally, the Court has read the Presentence Report ("PSR"), and Earnest is **HEREBY NOTICED** of his right to allocate and the limits that will be employed at the hearing by this Order.

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) requires that before imposing a sentence, the district judge must afford the defendant an opportunity to make a statement on his or her own behalf and to present any information in mitigation of punishment. *United States v. Green*, 940 F.3d 1038, 1044 (9th Cir. 2019); *see Hill v. United States*, 368 U.S. 424, 425–26 (1962) (explaining the same about a former version of Rule 32). Nevertheless, "all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively[.]" *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011) (citations omitted). Indeed, a "courtroom's formal dignity . . . reflects a seriousness of purpose that helps to explain the judicial system's power to inspire the confidence and to affect the behavior of a general public whose demands for justice our courts seek to serve[.]" *Deck v. Missouri*, 544 U.S. 622, 631 (2005).

"Although the defendant has a right of allocution at sentencing, that right is not unlimited." *United States v. Kellogg*, 955 F.2d 1244, 1250 (9th Cir. 1992). Within the Ninth Circuit, a district court may limit a defendant's allocution statements if those statements involve "motives, philosophies, and beliefs on issues that [do] not pertain to mitigation." *United States v. Mack,* 200 F.3d 653, 658 (9th Cir. 2000) (holding that the district judge did not violate the defendants' right to allocution by precluding them from articulating their beliefs and motives about issues not germane to mitigation); *see also Kellogg*, 955 F.2d at 1250 (same).

Here, while Rule 32(i)(4)(A)(ii) requires the Court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[,]" concerns were raised in the related state court proceeding over Earnest's desire to express statements of racism or White Supremacy. This Court is equally concerned given certain references to social media activity attributed to Earnest in the PSR. However, the federal framework requires this Court to personally address Earnest and provide him with an opportunity to present mitigating information only. *See Mack,* 200 F.3d at 658; *Kellogg*, 955 F.2d at 1250. The Court will of course listen carefully to the substance of the statements and refrain from interruption so long as Earnest addresses

matters relevant to mitigation. Any statements of racism, White Supremacy, hate, disparagement, or attack to any particular group, race, religion, or nationality, or on any other issues not germane to the matter of the sentence in this case will lead to an immediate end to Earnest's statements.

If Earnest does not abide by this Order or is otherwise disruptive or uncooperative in any other way, he will be removed from the courtroom and will hear the remaining proceedings through the audio system in the court's holding cell. *See Kent*, 649 F.3d at 912 (recognizing the federal courts' inherent powers to manage their cases and courtrooms effectively); *Allen*, 397 U.S. at 343 (1970) ("It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated.").

**IT IS SO ORDERED.**

Dated: December 10, 2021

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge